ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| FERNANDO FUENTES ÁLVAREZ<br><br>Peticionario<br><br>v.<br><br>EVELIO SANTANA TORRES y ADAGNELIZ SANTIAGO GONZÁLEZ<br><br>Recurrida | **TA2025CE00931** | *CERTIORARI* procedente del Tribunal de Primera Instancia Sala Superior de Salinas<br><br>Civil Núm: SA2024CV00314<br><br>Sobre: Incumplimiento de contrato y daños y perjuicios |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Bonilla Ortiz y la Jueza Martínez Cordero.

Bonilla Ortiz, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico a 22 de enero de 2026.

Comparece ante este foro Fernando Fuentes Álvarez (señor Fuentes Álvarez o parte peticionaria) y nos solicita que revisemos una *Resolución* emitida y notificada por el Tribunal de Primera Instancia, Sala Superior de Salinas, el 10 de diciembre de 2025. En virtud de esta, el foro primario declaró No Ha Lugar la *Solicitud de Prohibición de Enajenar al Amparo de la Regla 56 de Procedimiento Civil*, presentada el 25 de agosto de 2025, por el señor Fuentes Álvarez.

Por los fundamentos que se exponen a continuación, **DENEGAMOS** el auto de *certiorari.*

### I.

El 26 de septiembre de 2024, el señor Fuentes Álvarez presentó una *Demanda* por incumplimiento de contrato y daños y perjuicios contra Evelio Santana Torres (señor Santana Torres) y Adagneliz Santiago González (señora Santiago González) (en conjunto, parte

recurrida).[1] Alegó que la parte recurrida es dueña de una propiedad inmueble ubicada en Bo. Playita A-73, Salinas, Puerto Rico y que, el 24 de abril de 2022, las partes suscribieron un contrato de venta de solar. Adujo que, en el referido contrato, acordaron que, a cambio del pago de la suma de veinte mil dólares ($20,000.00), cantidad que pagó para que la parte recurrida adquiriera la propiedad antes descrita por la suma de cuarenta mil dólares ($40,000.00), se le reconociera un derecho de segregación de un solar de la finca. En su consecuencia, indicó que ostenta el derecho a que se segregue un solar a su favor de un mínimo de 276.7859 metros cuadrados o de un máximo de 350 metros cuadrados. No obstante, expresó que la señora Santiago González negó ser parte del contrato de venta de solar, mientras que el señor Santana Torres se negó a cumplir con dicho contrato. En virtud de lo anterior, solicitó el cumplimiento del acuerdo de segregación del solar, así como la suma de veinte mil dólares ($20,000.00), por concepto de la cláusula penal fijada en el contrato de venta del solar. En la alternativa, solicitó que se ordenara la devolución de las prestaciones y se condenara a la parte recurrida al pago de la cantidad de veinte mil dólares ($20,000.00), por concepto de la cláusula penal pactada, así como una cantidad adicional por concepto de costas y honorarios de abogado.

Luego de varios trámites procesales innecesarios pormenorizar, el 7 de enero de 2025, la señora Santiago González presentó su *Contestación a Demanda*.[2] En síntesis, expuso sus alegaciones responsivas y defensas

---

[1] *Demanda*, entrada núm. 1 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[2] *Contestación a Demanda*, entrada núm. 16 en SUMAC.

afirmativas. En específico, alegó que el señor Santana Torres se excedió en sus atribuciones al enajenar una porción de la propiedad que, en ese momento, pertenecía a la Sociedad Legal de Bienes Gananciales, sin su consentimiento. Sostuvo que no tuvo ninguna participación en la transacción realizada con el señor Fuentes Álvarez, por lo que existe un vicio de consentimiento que anula el contrato entre las partes. De otra parte, en su *Reconvención* esbozó que ha sufrido angustias mentales, toda vez que su derecho a propiedad se ha visto afectado por las reclamaciones de la parte peticionaria. Ante ello, solicitó una compensación por la cantidad de veinte mil dólares ($20,000.00).

Por su parte, el 14 de enero de 2025, el señor Fuentes Álvarez presentó una *Contestación a Reconvención*.[3] En esencia, negó la mayoría de las alegaciones. Mientras que, como parte de sus defensas afirmativas, adujo que la propiedad objeto del pleito no era ganancial al momento de llegar al acuerdo de venta de solar. Asimismo, señaló que proveyó la mitad del dinero utilizado para la compraventa como consecuencia de un acuerdo previo. Indicó que la señora Santiago González se benefició del dinero para adquirir su participación en la propiedad, por lo que consintió y ratificó los términos del acuerdo. Por otra parte, indicó que la reclamación en daños y perjuicios de la *Reconvención* es inexistente en derecho y que cualquier daño sufrido o reclamado es auto infligido y no compensable en derecho. Por lo anteriormente expuesto, solicitó que se declarara No Ha Lugar la *Reconvención*.

---

[3] *Contestación a Reconvención*, entrada núm. 21 en SUMAC.

Posteriormente, el 25 de agosto de 2025, la parte peticionaria presentó una *Solicitud de Prohibición de Enajenar al Amparo de la Regla 56 de Procedimiento Civil*.[4] Mediante esta, alegó que existe un pleito de liquidación de bienes gananciales entre el señor Santana Torres y la señora Santiago González. Asimismo, indicó que, de la minuta de dicho caso, surgen unos posibles acuerdos entre estos. Ante ello, sostuvo que es necesario emitir una orden de prohibición de enajenar a los fines de garantizar el resultado del pleito ante nos.

Sucesivamente, el 10 de septiembre de 2025, el señor Santana Torres presentó su *Contestación a Demanda*, mediante la cual negó la mayoría de las alegaciones.[5] Por otra parte, el 15 de septiembre de 2025, presentó una *Moción en Oposición a Solicitud de Orden Prohibiendo Enajenar*.[6] En esencia, alegó que, para la perfección del contrato, se requiere que se cumpla con la segregación sobre un predio de 276.7859 metros. Explicó que, si el alegado contrato no se perfecciona por el hecho futuro o incierto, y sin mediar mala fe, la parte peticionaria no tiene probabilidades de prevalecer. Ante ello, adujo que prohibir la enajenación del inmueble, en aseguramiento de la sentencia, sería contrario a lo que establece nuestro ordenamiento jurídico. Por otro lado, señaló que la parte peticionaria se encuentra en posesión de los metros mencionados. Además, sostuvo que el señor Fuentes Álvarez no ha demostrado que existe un peligro inminente

---

[4] *Solicitud de Prohibición de Enajenar al Amparo de la Regla 56 de Procedimiento Civil*, entrada núm. 40 en SUMAC.
[5] *Contestación a Demanda*, entrada núm. 44 en SUMAC.
[6] *Moción en Oposición a Solicitud de Orden Prohibiendo Enajenar*, entrada núm. 46 en SUMAC.

de enajenación fraudulenta. Ante ello, solicitó que se declarara No Ha Lugar la solicitud de orden prohibiendo enajenar.

Posteriormente, el 16 de septiembre de 2025, el foro primario emitió una *Orden*, mediante la cual señaló vista para el 20 de octubre de 2025, a los fines de discutir lo relacionado a la solicitud de prohibición de enajenar.[7] Según surge de la *Minuta* del 4 de noviembre de 2025, el 20 de octubre de 2025, se celebró vista.[8] De esta, se desprende que a la vista compareció el señor Santana Torres, mas no así la señora Santiago González. Por otra parte, el representante legal del señor Fuentes Álvarez informó que se presentó la solicitud de prohibición de enajenar debido a que existe un contrato privado, firmado por el señor Santana Torres y el señor Fuentes Álvarez, en cuanto a un solar que ocupa exclusivamente el señor Santana Torres como titular. Asimismo, sostuvo que existe un pleito bajo el número SA2022CV00300 de liquidación de bienes gananciales entre la señora Santiago González y el señor Santana Torres. Por su parte, la representación legal del señor Santana Torres indicó que la orden provisional que solicita la parte peticionaria resultaría onerosa debido a que estaría afectando el bien completo. Además, manifestó que el contrato no ha llegado a concretarse porque requiere de otros pasos ajenos al acuerdo realizado entre las partes. Producto de la vista, el foro primario ordenó que la parte recurrida proveyera, en un término de cinco (5) días, todo lo relacionado a los trámites de la segregación. Asimismo, ordenó a la señora Santiago

---

[7] *Orden*, entrada núm. 47 en SUMAC.
[8] *Minuta*, entrada núm. 53 en SUMAC.

González que mostrara causa por su incomparecencia a la vista señalada. Finalmente, señaló vista sobre el estado de los procedimientos para el 2 de diciembre de 2025.

Así las cosas, se desprende de la *Minuta* del 9 de diciembre de 2025, que el 2 de diciembre de 2025, se celebró vista.[9] Surge de la *Minuta* que a la vista compareció el señor Fuentes Álvarez, así como la señora Santiago González y el señor Santana Torres. En esta, la representante legal de la señora Santiago González expresó que, en el caso de liquidación bienes gananciales, las partes llegaron a unos acuerdos extrajudiciales y que se otorgó escritura de liquidación. En específico, señaló que la señora Santiago González le vendió su participación al señor Santana Torres y que, como parte de los acuerdos, el señor Santana Torres se iba a hacer cargo de todo lo concerniente al caso. Asimismo, adujo que la señora Santiago González nunca firmó el contrato entre el señor Fuentes Álvarez y el señor Santana Torres. Por su parte, la representación legal del señor Fuentes Álvarez expresó que la señora Santiago González tiene una reconvención activa contra el señor Fuentes Álvarez. Sostuvo que esta tenía conocimiento de que la transacción se realizó con el dinero de la parte peticionaria. Además, señaló que obtuvo beneficios de la liquidación de bienes gananciales y que obtuvo una cantidad monetaria y beneficios por ceder los derechos. Ante ello, indicó que la señora Santiago González no está en posición de desistir. Producto de la vista, el

---

[9] *Minuta*, entrada núm. 62 en SUMAC.

foro primario determinó que la señora Santiago González debe continuar en el pleito, toda vez que sería prematuro retirar dicha parte por no haberse culminado el descubrimiento de prueba.

Posteriormente, el 10 de diciembre de 2025, el foro primario emitió y notificó la *Resolución* de la que se recurre, mediante la cual declaró No Ha Lugar la *Solicitud de Prohibición de Enajenar al Amparo de la Regla 56 de Procedimiento Civil*, presentada el 25 de agosto de 2025, por el señor Fuentes Álvarez.[10] En esta, dispuso que no se presentó prueba de que la parte recurrida estuviera realizando gestiones afirmativas para vender la propiedad; no se presentó ningún acuerdo de compraventa; ni ninguna evidencia tendente a demostrar que la intención de la parte recurrida era enajenar la propiedad. Asimismo, expresó que quedó demostrado que la parte peticionaria se encuentra en posesión de los metros que le corresponden, según el contrato estipulado entre las partes, y que tampoco ha sido perturbado de esa posesión. Ante ello, determinó que emitir una orden sobre prohibición de enajenar sería prematuro o constituiría un abuso de discreción. Además, sostuvo que, ante la falta de prueba sobre una posible enajenación de la propiedad, se encuentra impedido de interferir con un derecho propietario.

Inconforme, el 16 de diciembre de 2025, el señor Fuentes Álvarez presentó una *Moción de Reconsideración*.[11] En síntesis, adujo que solicitó una orden de prohibición de enajenar con el fin de obtener una orden provisional razonable y adecuada para garantizar la efectividad de

---

[10] *Resolución*, entrada núm. 63 en SUMAC.
[11] *Moción de Reconsideración,* entrada núm. 64 en SUMAC.

la sentencia que pudiera recaer. Explicó que lo que se pretende que no se enajene es precisamente lo que las partes pactaron en el contrato de compraventa de solar, a saber, un espacio de metros para una segregación. En su consecuencia, solicitó que se reconsiderara el dictamen, emitido y notificado el 10 de diciembre de 2025, y se emitiera la orden de prohibición de enajenar solicitada.

En respuesta, ese mismo día, el foro primario emitió y notificó una *Resolución Interlocutoria* mediante la cual declaró No Ha Lugar la *Moción de Reconsideración* presentada por la parte peticionaria.[12]

Aún inconforme, el 19 de diciembre de 2025, la parte peticionaria presentó el recurso de *certiorari*, mediante el cual sostuvo que el foro primario cometió el siguiente error:

> Erró el TPI al declarar Sin Lugar una Solicitud de Orden de Prohibición de Enajenar bajo exigencias de prueba ajenas a los criterios reglamentarios y jurisprudenciales de este tipo de mecanismo de orden provisional.

El 19 de diciembre de 2025, este Tribunal emitió una *Resolución*, mediante la cual concedimos a la parte recurrida el término de quince (15) días para que presentara su postura. Transcurrido el término sin que la parte recurrida se expresara, damos por perfeccionado el recurso ante nuestra consideración y procedemos a resolver sin el beneficio de su comparecencia.

---

[12] *Resolución Interlocutoria*, entrada núm. 65 en SUMAC.

**II.**

**A.**

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de superior jerarquía puede revisar, a su discreción, una decisión interlocutoria de un tribunal inferior. *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce De León v. AIG,* 205 DPR 163, 174 (2020).

Ante un recurso de *certiorari*, tenemos que evaluar nuestra autoridad para expedir el mismo al amparo de la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V., R. 52.1. *Caribbean Orthopedics v. Medshape et al.,* supra.; *Scotiabank v. ZAF Corp.,* 202 DPR 478, 486 (2019). Dispone que, el recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia solamente se expedirá por el Tribunal de Apelaciones cuando se recurra de una orden o resolución bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57, o de la denegatoria de una moción de carácter dispositivo.

No obstante, el foro apelativo podrá expedir el recurso cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, casos de relaciones de familia, casos revestidos de interés público o cualquier otra situación, en la que esperar por una apelación constituiría un fracaso irremediable de la justicia. Según dispuesto en la Regla 52.1, *supra*, al denegar la expedición de un recurso

de *certiorari*, el Tribunal de Apelaciones no tiene que fundamentar su decisión. *Íd.*

Superado dicho análisis, y aun cuando un asunto esté comprendido dentro de las materias que podemos revisar de conformidad con la Regla 52.1, *supra*, para poder ejercer debidamente nuestra facultad revisora es menester evaluar si, a la luz de los criterios enumerados en la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, In re Aprob. Enmdas. Reglamento TA, 2025 TSPR 42, págs. 68-69, 215 DPR ___ (2025) se justifica nuestra intervención. Estos criterios son:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

En fin, la Regla 52.1 de Procedimiento Civil, *supra*, enumera en forma taxativa aquellas instancias en las cuales el Tribunal de Apelaciones no acogerá una petición de *certiorari*, mientras que la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, guía la discreción de este foro en aquellos asuntos en los que sí se permite entender, pero en los que los jueces ejercerán su discreción. *Torres González v. Zaragosa Meléndez*, 211 DPR 821, 849 (2023).

Lo anterior impone a este Tribunal la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de instancia, de forma que no se interrumpa injustificadamente el curso corriente de los casos ante ese foro. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). Por tanto, de no estar presente ninguno de los criterios esbozados, procede abstenernos de expedir el auto solicitado para que continúen sin mayor dilación los procedimientos del caso ante el foro primario.

### B.

Nuestro ordenamiento jurídico provee, para que, en todo pleito, antes o después de una sentencia, por moción de la parte interesada, un tribunal dicte cualquier orden provisional para asegurar la efectividad de esta. Regla 56.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 56.1. *Citibank et al. v. ACBI et al.,* 200 DPR 724, 731 (2018). Esta disposición otorga amplia discreción al Tribunal de Primera Instancia para conceder o denegar el remedio solicitado, con la exclusiva limitación de que la medida sea razonable y dirigida al propósito esencial de asegurar el cumplimiento del pronunciamiento de que

trate. *F.D. Rich Co. v. Tribunal Superior*, 99 DPR 158, 176 (1970). En particular, el precitado estatuto, reza:

> En todo pleito antes o después de sentencia, por moción del reclamante, el tribunal podrá dictar cualquier orden provisional que sea necesaria para asegurar la efectividad de la sentencia. El tribunal podrá conceder el embargo de fondos en posesión de un tercero, la prohibición de enajenar, la reclamación y entrega de bienes muebles, la sindicatura, una orden para hacer o desistir de hacer cualesquiera actos específicos, o podrá ordenar cualquier otra medida que estime apropiada, según las circunstancias del caso. En todo caso en que se solicite un remedio provisional, el tribunal considerará los intereses de todas las partes y dispondrá según requiera la justicia sustancial.
> 32 LPRA Ap. V. R. 56.1.

Como se puede apreciar, entre las órdenes que el tribunal puede dictar en aseguramiento de sentencia se encuentra la prohibición de enajenar, que debe ser razonable y adecuada para garantizar la efectividad de la sentencia que pudiera recaer. *Cacho Pérez v. Hatton Gotay y otros*, 195 DPR 1 (2016), citando a J. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, 2da ed., San Juan, Pubs. JTS, 2011, T. V, pág. 1578. Asimismo, el estado de derecho reconoce que la anterior enumeración de remedios no constituye una lista taxativa. *Citibank et al. v. ACBI et al.,* supra, pág. 732. Por tanto, el tribunal está facultado para dictar cualquier orden provisional que intime apropiada y necesaria para asegurar la efectividad de la determinación que pudiese recaer. *Íd.* No obstante, al resolver si procede, o no, el remedio que se le solicite, el ejercicio de la función judicial pertinente debe considerar los siguientes criterios: 1) que el remedio solicitado sea provisional; (2) que su objetivo sea asegurar la efectividad de la

sentencia que en su día dicte el tribunal, y (3) que se consideren los intereses de todas las partes. *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478, 489 (2019); *Citibank et al. v. ACBI et al.,* supra, pág. 733; *Cacho Pérez v. Hatton Gotay y otros*, 195 DPR 1, 13 (2016).

Por su parte, la Regla 56.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 56.2, establece que, como norma, un tribunal no concederá, modificará, ni anulará un remedio provisional sin antes notificar a la parte afectada y sin celebrar una vista. Igualmente, a tenor con las disposiciones de la Regla 56.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 56.3, y la jurisprudencia pertinente, previo a la concesión de un remedio provisional, el tribunal está llamado a requerir a la parte promovente la prestación de una fianza que sea suficiente para responder por los posibles daños y perjuicios que puedan causarse como consecuencia del aseguramiento. *Citibank et al. v. ACBI et al.,* supra, pág. 733; *Cacho Pérez v. Hatton Gotay y otros*, supra. Ahora bien, a manera de excepción, podrá concederse un remedio provisional en aseguramiento de sentencia sin la prestación de fianza, en las siguientes instancias: 1) si, de documentos públicos o privados, surge que la obligación de que trate es legalmente exigible; 2) cuando la parte litigante sea indigente y; 3) si se gestiona el remedio luego de dictada la sentencia. 32 LPRA Ap. V, R. 56.3.

### III.

En su recurso de *certiorari*, la parte peticionaria nos solicita que revoquemos una *Resolución* emitida y notificada por el Tribunal de Primera Instancia, Sala Superior de Salinas, el 10 de diciembre de 2025, mediante

la cual declaró No Ha Lugar la *Solicitud de Prohibición de Enajenar al Amparo de la Regla 56 de Procedimiento Civil*, presentada el 25 de agosto de 2025, por el señor Fuentes Álvarez. Sostiene que incidió el Tribunal de Primera Instancia al declarar No Ha Lugar dicha solicitud bajo exigencias de prueba ajenas a los criterios reglamentarios y jurisprudenciales de este tipo de mecanismo de orden provisional.

En el caso ante nos, las partes suscribieron un contrato de venta de solar. En el referido contrato, las partes acordaron que, a cambio del pago de la suma de veinte mil dólares ($20,000.00), cantidad que pagó el señor Fuentes Álvarez para que la parte recurrida adquiriera la propiedad en controversia por la suma de cuarenta mil dólares ($40,000.00), se le reconociera un derecho de segregación de un solar de la finca. Asimismo, según surge del expediente, en el caso núm. SA2022CV00300, sobre liquidación de bienes gananciales, las partes llegaron a unos acuerdos extrajudiciales y se otorgó escritura de liquidación. Surge, además, que la señora Santiago González le vendió su participación al señor Santana Torres. Ante ello, el 25 de agosto de 2025, el señor Fuentes Álvarez presentó una *Solicitud de Prohibición de Enajenar al Amparo de la Regla 56 de Procedimiento Civil*. Mediante esta, sostuvo que es necesario emitir una orden de prohibición de enajenar a los fines de garantizar el resultado del pleito ante nos. No obstante, el foro primario declaró No Ha Lugar dicha solicitud debido a que no se presentó prueba de que la parte recurrida estuviera realizando gestiones afirmativas para vender la propiedad; no se presentó ningún acuerdo de compraventa; ni ninguna evidencia

tendente a demostrar que la intención de la parte recurrida era enajenar la propiedad.

Es preciso destacar que la *Resolución* recurrida es susceptible de revisión por parte de este foro, en virtud de la Regla 52.1 de Procedimiento Civil, *supra*. Sin embargo, luego de evaluar y revisar los documentos sometidos, así como el expediente ante nuestra consideración, concluimos que en el caso de autos no se justifica nuestra intervención con el dictamen recurrido. En el recurso, el señor Fuentes Álvarez no demostró que el foro primario haya incurrido en abuso de discreción o haya errado.

Recalcamos que, según dicta la norma, los foros revisores reconocemos amplia discreción a los foros de primera instancia para determinar el modo en que manejan los casos ante su consideración. Así las cosas, a base de un análisis cuidadoso de la totalidad del expediente, no estamos en posición de concluir que la actuación recurrida fuese irrazonable, o contraria en derecho. Por tanto, no vemos razón alguna para intervenir en esta etapa de los procedimientos, y procederíamos a denegar la expedición del auto discrecional solicitado.

**IV.**

Por los fundamentos antes expuestos, se **DENIEGA** el auto discrecional solicitado.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones